UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

DEBORAH LAUFER,
      Plaintiff,

v.                                                       Case No: 6:20-cv-382

ROHINI, INC.,
      Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF STANDING

Attorneys For Plaintiff

Tristan W. Gillespie
Attorney at Law
5150 Cottage Farm Road
Johns Creek, GA 30022
404-276-7277
Email: gillespie.tristan@gmail.com

Thomas B. Bacon
Thomas B. Bacon, P.A.
644 N. Mc Donald Street
Mt. Dora, FL 32757
tbb@thomasbaconlaw.com
954-478-7811

Plaintiff, by and through undersigned counsel, and in response to the Order of this Court dated May 19, 2020 (DE 7) hereby submits this Memorandum In Support of Standing.

**I.    Introduction**

Plaintiff, is a Florida resident and disabled person within the meaning of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. ("ADA"), and relies on a wheelchair or cane to ambulate and is vision impaired.Defendant books rooms for its hotel through an online online reservations system. (Hereinafter "websites", "online reservations systems" or "ORS".) The purpose of this ORS is so that Defendant can reach out and market to persons all over the country, including Florida, in their own homes, to solicit their patronage, provide them with information so that they can make a meaningful choice in planning trips, and, in some instances, book a room at the hotel. As such, the Defendant's ORS is required to comply with the requirements of 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), by identifying and allowing for booking of accessible rooms and providing accurate and sufficient information as to whether all the features at the hotel are accessible. Prior to the filing of this lawsuit, Plaintiff reviewed the ORS for Defendant's hotel and found that it did not comply with the Regulation. Plaintiff therefore filed the instant action for injunctive relief pursuant to the ADA. Plaintiff also has a system to ensure that she properly maintains standing. She maintains a list of all hotels she has sued over ORS violations. She goes through and updates this list constantly. With respect to each hotel she sues or has sued, she revisits the hotel's ORS shortly after the complaint is filed. She also records the date when the ORS is required to be complaint and then revisits it.

**II.    The Rules Of Statutory Construction Prohibit The Imposition Of A Physical Nexus Requirement**

This Court questioned Plaintiff's standing, citing a general standing order issued in

*Laufer v. 1110 W. Albany, LLC*, 2020 WL 2309083 (N.D. N.Y. May 8, 2020). The *Albany* case cited no authorities which address standing in litigation involving hotel online reservations systems or commercial websites. Rather, that case cited only opinions involving physical properties, which are completely inapposite. The critical analysis is whether the plaintiff did suffer and will again suffer discrimination within the meaning of the ADA. The locus of the injury is critical. In the physical property cases cited by the *Albany* court, as well as *Deutsch v. Abijaounde*, 2017 WL 913813 (W.D. Tex. 2017), cited by this Court, the discrimination was only suffered when the plaintiff visited the physical property. In hotel online reservations cases, by contrast, the locus of the injury is in the plaintiff's own home. By virtue of its online reservation system, the Defendant reaches out into Plaintiff's own home. It is in her home when she reviewed the ORS, it was in her home that she encountered discrimination, and it is in her home when she encounters it again pursuant to the system she has implemented.

Numerous defendants have filed motions to dismiss raising the same arguments as addressed by the *Albany* and instant Court and courts have overwhelmingly rejected such arguments. First, any reference to physical property cases is misplaced because they are not relevant to hotel online reservations cases. *Camacho v. Vanderbilt University,* 2019 WL 6528974 at p. 11 (S.D.N.Y. 2019). Second, numerous courts have rejected arguments that a disabled plaintiff must intend to book a room at the hotel or otherwise have any connection whatsoever to the physical hotel. Rather, courts have recognized that an action for online reservations discrimination is complete because the plaintiff suffered injury when they reviewed the hotel's discriminatory website in their own home and they will suffer injury again when they revisit that website in their own home. Thus, the plaintiff has standing and there is no additional requirement

that they actually visit the hotel or intend to book a room. See *Kennedy v. Gold Sun Hospitality, LLC*, 8:18-cv-842-T-33CPT, DE 23 at pp. 30-31 (M.D. Fla. 7/23/18); *Kennedy v. Swagath Hospitality, LLC*, 0:19-cv-60583-DPG, DE 27 (S.D. Fla. 1/2/2020); *Kennedy v. Galleon Resort Condominium Assn, Inc., et al.*, 19-cv-62421-CMA, DE 52 (S.D. Fla. 1/28/20). *Vanderbilt University*, 2019 WL 6528974, at *11 (the plaintiff "need not have shown that he intended to 'return' to Defendant's [out of state] school in Nashville, Tennessee. He is only required to have established a reasonable inference that he intended to return to the Website...."); *Poschmann v. Fountain, TN, LLC*, 2019 U.S. Dist. Lexis 159417 *5 (M.D. Fla. 2019)(issue was plaintiff's visit to website rather than physical hotel); *Parks v. Shipwreck Motel, Inc.*, 2:20-cv-227, DE 11, p. 5 (M.D. Fla. 5/18/20)(same); *Kennedy v. New Yorker Hotel Miami, LLC*, 18-62897-WPD, DE 34 (S.D. Fla. 6/6/19)(same); *Sai Ram Hotels*, 2019 U.S. Dist. LEXIS 80111; *Kennedy v. Floridian Hotel, Inc.*, 2018 U.S. Dist. LEXIS 207984, at *9 (S.D. Fla. 2018) (same); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. LEXIS 87457 (S.D. Fla. 2018)(same); *Gold Sun,* at pp. 30-31, (M.D. Fla. June 18, 2018)(plaintiff's injury occurred in comfort of her own home when she visited defendant's discriminatory hotel website); *Laufer v. The Flagler Of St. Augustine, LLC*, 1:19-cv-268, DE 12 (N.D. Fla. 4/9/20)(same); *Kennedy v. WGA*, 2:19-cv-0095-RWS, DE 16, p. 9 (N.D. Ga. 11/5/2019)( "visiting the website suffices" and that a "plaintiff's inability to fully and effectively use an establishment's website constitutes an injury-in-fact."); See also *Brooke v. Hotel Inv. Grp., Inc.*, 2017 U.S. Dist Lexis 150717 (D. Ariz. 2017)(injury took place in plaintiff's own home state when reviewed out of state hotel ORS); *Brooke v. Regency Inn-Downey, LLC*, 2017 U.S. Dist. Lexis 150716 (D. Ariz. 2017)(same). Plaintiff's encounter with the discriminatory website IS the injury and there is simply no

additional requirement that they visit the hotel or intend to book a room at the hotel.[1]

Although the Proximity Test is applied in cases involving a plaintiff's encounter with physical discrimination at a brick and mortar facility, it is inapplicable to case involving hotel online reservations systems. *Gold Sun Hospitality, LLC*, 8:18-cv-842, DE 23, pp. 30-31; *Kennedy v. Sai Ram Hotels*, 2019 U.S. Dist. Lexis 80111, * 9 (M.D. Fla. 2019). Another court has held that the Proximity test not applicable to commercial websites (in vision impaired discrimination) because (1) website cases do not involve physical locations; and (2) no travel is required. *Gniewkowski, et al v. Lettuce Entertain You Enterprises, Inc., et al.*, 251 F. Supp.3d 908, 920 (W.D. Pa. 2017). "The relevant 'future injury' inquiry relates to the [hotel's] website and reservation system, rather than the [hotel's] physical property. *Sai Ram*, 2019 U.S. Dist. Lexis 80111, at *11.[2]

Testers have standing under Title III of the ADA. *Betancourt v. Ingram Park Mall, LP*, 735 F.Supp.2d 587 (W.D. Tex. 2010). See also *Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014), citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1333-34 (11th Cir. 2013); *Harty v. Simon Property Group, L.P.*, 428 Fed. Appx.

---

[1] In an ADA action where the site of discrmination was the physical property, one Court in this District recognized the standing of an out of state plaintiff on the basis that they were continually denied the opportunity" to be free of discrimination. *Betancourt*, 735 F.Supp.2d at 602.

[2] The proximity test is also not applicable in the context of hotels because hotels are, by nature, established to accommodate travelers from afar.. *Bodley v. Plaza Management Corp.*, 550 F.Supp.2d 1085, (D. Ariz. 2008); *D'Lil v. Best Western Encina Lodge & Suites*, 415 F. Supp.2d 1048, 1056 (C.D. Cal. 2006); *Access 4 All, Inc. V. Wintergreen Commercial P'ship*, 2005 WL 2989307, at *4 (N.D. Tex. Nov. 7, 2005); . *Access 4 All, Inc. v. 539 Absecon Blvd.*, 2006 WL 1804578, at *3 (D.N.J. 2006). Indeed, at least one court has ruled that a plaintiff who lives **too close** to a hotel has no standing to sue for compliance. See *Access 4 All, Inc. v. Thirty East 30th Street, LLC*, 1:04-Civ-3683, DE 36, at 17 (S.D. N.Y. 12/11/06).

4

69, 71 (2nd Cir. 6/29/2011)(Summary Order)(holding that plaintiff's intent to return as a tester contributes to satisfying his pleading requirements). As such, the disabled person's motive is entirely irrelevant because all that matters is whether they encountered discrimination as defined by plain words the Statute. *Marod*, *passim*. Some courts have held that status a tester " plausibly increases the likelihood that she will visit the [defendant's] website again to test its ADA compliance." *Kennedy v. Sai Ram Hotels*, 2019 U.S. Dist. Lexis 80111, * 9 (M.D. Fla. 2019), citing *Gold Sun Hospitality, LLC*, No. 8:18-cv-842-T-33CPT, DE 23, pp. 31-32. See also *Access 4 All, Inc. v. Absecon Hospitality Corp.*, 2006 WL 3109966, *17 (D.N.J. 2006). *Marod*, 733 F.3d at 1336 (explaining that plaintiff's status as a tester indicated that he would revisit the property many times and therefore tended to show a real and immediate threat of future injury). Moreover, as the Eleventh Circuit explained, "[i]t is not unprecedented in this country for advocacy groups and individual members of advocacy groups to find it necessary to file a long trail of lawsuits in federal courts to enforce legal and civil rights." *Marod*, 733 F.3d at 1326.

Moreover, because Plaintiff has a system of rechecking and revisiting the subject websites, she has standing. *Parks v. Shipwreck Motel, Inc.*, 2:20-cv-227, p. 6 (M.D. Fla. 5/18/20).

It is paramount that the plain words of the Statute and duly promulgated Regulation govern. Several general maxims apply. "As with any question of statutory interpretation, our analysis begins with the plain language of the statute. ... It is well established that, when the statutory language is plain, we must enforce it according to its terms. *Jiminez v. Quarterman*, 555 U.S. 113, 118 (2009)(citations omitted). If the language is unambiguous, no further inquiry is necessary. *Clark v. Astrue*, 602 F.3d 140, 147 (2d Cir. 2010). "Our duty is to say what statutory language means, not what it should mean, and not what it would mean if we had drafted it."

5

*Marod*, 733 F.3d at 1333-34 (addressing tester standing), citing *T-Mobile South, LLC v. City of Milton, Ga.*, 728 F.3d 1274, 2013 WL 4750549, at *10 (11th Cir. 2013). "We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable.". *Marod*, 733 F.3d at 1334, citing *Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228 (2008)*. In other words, an interpreting Court must look to the plain language of the Statute and Regulation in analyzing whether a disabled person who encounters a discriminatory online reservations system has a cause of action or whether they must ADDITIONALLY intend to book a room at the hotel or ADDITIONALLY encounter discriminatory conditions located at the physical premises.

Plaintiff's claims are based on the following: 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the ... services ... of any place of public accommodation.... 42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include: "a failure to make reasonable modifications in policies, practices, or procedures ... to afford such ... services ... to individuals with disabilities...." 42 U.S.C. Section 12182(b)(2)(A)(ii). Pursuant this latter Subsection, the Department Of Justice ("DOJ") promulgated the Regulation, which provides, *inter alia*:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.......

The Statute and Regulation are directly on point and unambiguously spell out all the

6

elements of a cause of action. Failure of an online reservations system to comply with the requirements of the Regulation constitutes a failure to comply with 42 U.S.C. Section 12182(b)(2)(A)(ii). This qualifies as "discrimination" and is thus a violation of 42 U.S.C. Section 12182(a) and is thus fully actionable without more required.

A website is a "service" of a place of public accommodation. *Haynes v. Dunkin Donuts, LLC*, 741 Fed. Appx. 752, 754 (11th Cir. 2018)(describing a commercial website as a "service" of a place of public accommodation); *Nat'l Fed'n Of The Blind v. Target Corp.*, 452 F. Supp. 946, 953 (N.D. Cal. 2006)(same). 42 U.S.C. Section 12182(a) clearly spells out a complete cause of action as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the ... services ... of any place of public accommodation..." Because the websites are a "service", all that is required is that a disabled person be deprived of full and equal enjoyment of this "service". Once that occurs, all the elements are satisfied to establish a cause of action. Conspicuously absent from the Regulation or the Statute is any requirement that the disabled person must additionally intend to be a customer or, in this case, book a room and stay at the hotel as a requirement for a cause of action.

It is highly significant, and dispositive, that other subsections contain restrictive language which is conspicuously absent from the subsections and Regulation that govern an ORS..

> "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."

*INS v. Cardoza—Fonseca*, 480 U.S. 421, 432 (1987). For example, subsection 12182(b)(1)(A) contains language restricting rights to "clients or customers of the covered public accommodation". Similarly, under Subsection 12182(b)(2)(A)(i), discriminatory eligibility is

only actionable if it prevents a disabled person "*from* fully and equally enjoying goods, services..." (Emphasis added.) Because such restrictive language is absent in the subsections or Regulation that govern a hotel ORS, such restrictions cannot be imposed. This analysis was central to several holdings.

In *Marod*, 733 F.3d at 1333, and *PGA Tour v. Martin*, 532 U.S. 661, 678-79 (2001), it was held that an ADA plaintiff suing under 42 U.S.C. Section 12182(a) does not have to be a "client or customer" of the defendant. In both cases, the Eleventh Circuit and Supreme Court noted that a **different** subsection of the same statute contained a "client or customer" requirement that was not present in the plain language of Subsection 12182(a). Both courts held that because the "client or customer" language was present in another subsection, but missing from the subsection that governed the case before them, the requirement could not be imposed.

In *Marod*, the Eleventh Circuit held that a disabled tester has standing to pursue a Title III ADA case for violations of 42 U.S.C. Section 12182. Generally, it held that a plaintiff's motive and intent are entirely irrelevant and that there is no requirement that they be a client or customer or a bona fide customer. In this regard, the Eleventh Circuit relied on Supreme Court cases and applied the rules of statutory construction. In *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982), the Supreme Court concluded that a black tester who was misinformed about the availability of a rental property had alleged sufficient injury-in-fact to support standing to sue under § 804(d) of the FHA. The plaintiff-tester in Havens Realty never intended to rent the apartment; rather, his sole purpose was to determine whether the defendant engaged in unlawful practices. The Supreme Court therefore concluded that § 804(d) "establishes an enforceable right to **truthful information** concerning the availability of housing" and "[a] tester who has been the

8

object of a misrepresentation made unlawful under § 804(d) has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions."

The ability or inability to obtain information in violation of a statute was recognized as an actionable injury by the Supreme Court in *Federal Election Commission v. Akins*, 524 U.S. 11, 20-25 (1998), which ruled that a group of voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III. In this regard the Supreme Court stated:

> Indeed, this Court has previously held that a plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute. *Public Citizen v. Department of Justice*, 491 U.S. 440, 449 [] (1989) (failure to obtain information subject to disclosure under Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue").

524 U.S. at 21. In *Ragin v. Harry Maclowe Real Estate* Co., 6 F.3d 898 (2nd Cir. 1993), the Second Circuit held that individuals had standing to sue under the Fair Housing Act for the defendant's placement of display advertising for residential apartments in the newspaper because all the models portrayed in the ad were white. In this regard, the Second Circuit followed *Havens Realty* and stated as follows:

> There is no significant difference between the statutorily recognized injury suffered by the tester in *Havens Realty* and the injury suffered by the Ragins and the Cuylers, who were confronted by advertisements indicating a preference based on race. [citation omitted.] Given the private attorney general provision in section 813(a) of the Act and the Supreme Court's holding in *Havens Realty*, the district court was constrained to find that the individual plaintiffs had standing to bring this action in federal court.

6 F.3d at 904. Numerous courts in this Circuit have recognized the right to sue over informational violations created as an injury by statute. See *Landrum v. Blackbird Enters., LLC*,

9

214 F.Supp.3d 566, 570 (S.D. Tex. 2016)(citing Havens Realty in stating that the "failure to provide information in accordance with a statute could constitute concrete injury."). *In Dyson v. Sky Chefs, Inc*., 2017 U.S. Dist. Lexis 92637, * 10-11 (N. D. Tx. 2017), one court note that: "The Supreme Court has held that a 'plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.'" citing *LaFollette v RoBal, Inc*., 2017 U.S. Dist. LEXIS 47144, (N.D. Ga. 2017) (quoting *FEC v. Akins*, 524 U.S. 11, 21 (1998)). In *Treece v. Perrier Condo. Owners Ass'n*, 2020 U.S. Dist. LEXIS 26511, *11 (E.D. La. 2020), a court followed *Havens* in holding that it was not necessary for a plaintiff to apply to rent an apartment to suffer injury regarding his statutory right to truthful information. See also *Moore v. Radian Group*, 233 F.Supp.2d 819 (E.D. Tx. 2002)(infringement of right to truthful information is cognizable injury).

### III. Conclusion

Thus, under the ample case law cited above, Plaintiff has standing.

Respectfully submitted,

By: /s/ Thomas B. Bacon

Thomas B. Bacon
Thomas B. Bacon, P.A.
644 N. Mc Donald Street
Mt. Dora, FL 32757
tbb@thomasbaconlaw.com
954-478-7811

Tristan W. Gillespie
Attorney at Law
5150 Cottage Farm Road
Johns Creek, GA 30022
404-276-7277
Email: gillespie.tristan@gmail.com

CERTIFICATE OF SERVICE

   I hereby certify that on May 29, 2020, a true and correct copy of the foregoing was served on all parties using this Court's electronic filing system.